Missy Leflar, Director Human Resources Department City of Fayetteville
113 West Mountain Fayetteville, Arkansas 72701
Dear Ms. Leflar:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B)(i), which is contained within the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2007), for my opinion regarding the propriety of your provisional decision not to release to a newspaper requested information relating to the termination from employment of two individuals who formerly worked for the City of Fayetteville Fire Department. You have filed your request in the wake of my issuing Op. Att'y Gen. No. 2009-147, in which I set forth the standard you should apply in determining which documents to release under the FOIA. Attached to your current request are various investigative documents that led to the discharges as well as the written notices of discharge provided to the former employees. You have asked me to approve your provisional decision not to release these documents to the newspaper. In my opinion, your decision is consistent with the provisions of the FOIA.
As I noted in my previous opinion, A.C.A. § 25-19-105(c)(1) of the Code provides in pertinent part:
 [A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any *Page 2 
suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
The documents you have supplied me are clearly "employee evaluation or job performance records" as I defined this phrase in my previous opinion.[1] Applying the standard set forth above, my inquiries reveal that no administrative remedies remain available for the two employees, thus satisfying the first prong of the test. Moreover, my review of the documents provided establishes that they indeed formed a basis for the decision to terminate the employees. The only remaining question, then, is whether a "compelling public interest" exists in disclosure of the documents.
To repeat what I stated previously, the FOIA at no point defines the phrase "compelling public interest" as used in the final prong of the test for disclosure set forth in A.C.A. § 25-19-105(c)(1). However, two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust *Page 3 
should be sufficient to satisfy the "compelling public interest" requirement.
J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004), at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists.Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") However, the existence of a "compelling public interest" in disclosure will necessarily depend upon all of the surrounding facts and circumstances. As I further noted in my previous opinion, not all of the factors set forth above need necessarily be met in order to trigger an obligation to disclose certain records. Again, as custodian, you must consider the factual context giving rise to the dismissal in determining whether the FOIA mandates producing the records.
Subject to the above proviso about considering the totality of the circumstances, based upon my review of the records, I do not believe a compelling public interest exists in their disclosure. In my estimation, the conduct described in the documents you have supplied me could not accurately be described as involving a "violation of the public trust or gross incompetence." I am further unaware of any public controversy related to the Fayetteville Fire Department and its employees. Moreover, neither of the individuals involved could be described as a "high-level employee"; rather they were at most mid-level peers that had entirely different jobs within the Department, with neither supervising the other. I further consider it significant that the conduct giving rise to the dismissals did not involve any interaction with the public of the sort that might under certain circumstances mitigate in favor of disclosure.
Having ventured these conclusions, I must stress that I have been provided only a limited number of documents for review. I obviously cannot speculate about the disclosability of any other documents contained within these individuals' files. Moreover, I will stress again the determination to release records must be made considering the entire set of facts and circumstances that prompted the disciplinary action. *Page 4 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
[1] As I noted in my previous opinion:
 This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records.